United States of America,

       Plaintiff,

v.

Brandon Lee McMurtrey,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-115 ADM/HB
Civil No. 18-748 ADM

Melinda A. Williams, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Brandon Lee McMurtrey, pro se.

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Brandon Lee McMurtrey's ("McMurtrey") Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 31] ("2255 Motion") and Motion to Amend Pleading [Docket No. 34] ("Motion to Amend"), and Plaintiff United States of America's Motion to Dismiss [Docket No. 41] the 2255 Motion as untimely.[1] For the reasons stated below, McMurtrey's Motions are denied and the Government's Motion is granted.[2]

## II. BACKGROUND

On April 15, 2015, a single-count indictment named McMurtrey as a felon in possession

---

[1] All docket citations are to the Criminal Docket.

[2] The Court also received an April 29, 2018 letter from McMurtrey disagreeing with the opinion of the prison facility's medical staff that McMurtrey no longer needs some of the medications he has taken in the past. The court lacks jurisdiction to assist in this matter but is hopeful that these issues have since been resolved.

of a firearm – armed career criminal, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Indictment [Docket No. 1]. On June 19, 2015, McMurtrey entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Min. Entry [Docket No. 18]; Plea Agreement [Docket No. 19]. The statutory maximum term of imprisonment for this offense is 10 years (120 months). 18 U.S.C. § 924(a)(2).

In the Plea Agreement, the parties stipulated that McMurtrey's base offense level was 24, pursuant to § 2K2.1(a)(2) of the United States Sentencing Guidelines . This Guideline states that a base offense level of 24 applies "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). Prior to the instant offense, McMurtrey had been convicted of multiple crimes, including third-degree burglary (a felony) committed on October 28, 2006 at age 19, and third degree assault (also a felony) committed on April 26, 2009 at age 21. Presentence Investigation Report ("PSR") ¶¶ 15, 46, 51.

On September 29, 2015, the Court sentenced McMurtrey to 90 months imprisonment to run concurrently with his state court sentence. See Min. Entry [Docket No. 28]; Sentencing J. [Docket No. 29] at 2. Judgment was entered on September 30, 2015. Sentencing J. The Court adopted the Sentencing Guidelines calculations in the PSR which, after accounting for acceptance of responsibility, resulted in a total offense level of 29 and a criminal history category of VI. PSR ¶¶ 25–27, 60. The resulting Guidelines imprisonment range was 151 to 188 months, which exceeded the 120-month statutory maximum. PSR ¶¶ 100–101; Statement of Reasons at 1. Therefore, McMurtrey's 90-month sentence was a significant downward departure from the Guidelines range.

On March 19, 2018, more than two years after McMurtrey's judgment of conviction became final,[3] McMurtrey filed this 2255 Motion. McMurtrey argues that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), he should not have been sentenced as a career criminal under §§ 922(g)(1) and 924(e). 2255 Motion at 9. McMurtrey claims he received ineffective assistance of counsel because his attorney did not object to "numerous issues" related to his criminal history in the PSR, and did not file an appeal after McMurtrey repeatedly told him to do so. Id. at 5–8, 10–11. McMurtrey states that he attempted to file a § 2255 motion in September 2016 by delivering it to a Federal Bureau of Prisons Corrections Officer in Terre Haute, Indiana, but the motion was never filed. Id. at 8. McMurtrey further states that in December 2017, he asked family members to inquire whether the § 2255 motion had been filed and was informed that it had not been filed. Id.

On April 9, 2018, McMurtrey filed the Motion to Amend, seeking to amend his 2255 Motion "based on new case law and his lack of opportunity to file prior to the date due to extraordinary circumstances." Mot. Am. at 1. In the Motion to Amend, McMurtrey states that he was unable to file the 2255 Motion earlier because he was serving his state court sentence until October 4, 2016 and did not have access to a federal law library during this time. Id. After arriving at the Terre Haute facility on October 15, 2016, he sought but could not obtain legal help from prison officials. Id. McMurtrey states that he was unable to represent himself because he suffers from has a disability which causes fainting spells and disorientation. Id.

The Motion to Amend includes the following additional challenges to his sentence: (1)

---

[3] McMurtrey's conviction became final on October 15, 2015, when the 14-day appeal period expired. See Fed. R. App. P. 4(b)(1)(A).

3

one of the predicate offenses used for enhancing his sentence to armed career criminal status was committed while he was a juvenile and thus does not qualify as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e); and (2) new law decided after McMurtrey's conviction establishes that Minnesota's third-degree burglary statute does not qualify as a predicate offense under the ACCA. Mot. Am. at 2 (citing Mathis v. United States, 136 S. Ct. 2243, 2251 (2016); United States v. McArthur, 850 F.3d 925 (8th Cir. 2017)).

On June 20, 2018, the Government filed the Motion to Dismiss, arguing the § 2255 Motion must be dismissed as untimely under 28 U.S.C. § 2255(f).

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).

**A. Timeliness**

Petitions for relief under 28 U.S.C. § 2255 are subject to a one-year statute of limitations period that commences from the latest of four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by

the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because McMurtrey's sentence became final on October 15, 2015, his time to bring a timely motion under § 2255(f)(1) expired on October 15, 2016. McMurtrey did not file the 2255 Motion until March 19, 2018. Thus, McMurtrey's 2255 Motion is untimely unless equitable tolling applies.[4]

Equitable tolling applies to § 2255 motions only where "extraordinary circumstances beyond a prisoner's control prevent timely filing." United States v. Martin, 408 F.3d 1089, 1092–93 (8th Cir. 2005) (internal quotation marks omitted). To invoke the doctrine of equitable tolling, a prisoner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Deroo v. United States, 709 F.3d 1242, 1246 (8th Cir. 2013). Equitable tolling is "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

McMurtrey alleges that he handed his § 2255 motion to a Prisons Corrections Officer in

---

[4] To the extent McMurtrey argues that § 2255(f)(3) applies based on the substantive rule that was newly recognized by the Supreme Court in Johnson, he is mistaken. As discussed below, Johnson does not apply because McMurtrey was not sentenced under the ACCA. Even if the rule in Johnson were applicable, the rule is not "retroactively" applicable here because Johnson was decided in June 2015, months before McMurtrey was sentenced. Additionally, the 2255 Motion is untimely under § 2255(f)(3) because McMurtrey filed it more than one year after the Supreme Court's Johnson decision, and more than one year after the Supreme Court's April 2016 decision in Welch v. United States, 136 S. Ct. 1257 (2016), which held that the substantive rule of Johnson applies retroactively to cases on collateral review.

5

Terre Haute in September 2016, but the motion was never filed.  McMurtrey does not name the officer to whom he claims to have given his § 2255 motion or offer any proof of such delivery.  The claim of this delivery is doubtful because it is contradicted by McMurtrey's subsequent allegation that he did not arrive at the Terre Haute facility until October 15, 2016.  McMurtrey's suspect assertion that he was prevented from filing his 2255 Motion at an earlier date due to the inaction of an unidentified prison official is not sufficient to demonstrate extraordinary circumstances.  See, e.g., Lohr v. United States, 336 F. Supp. 2d 930, 933 (D. Minn. 2004) (holding equitable tolling did not apply where prisoner provided no proof to support his claim that prison staff shredded his § 2255 motion instead of mailing it, and prisoner's failure to raise the claim until after expiration of the limitations period cast further doubt on the claim's veracity).

McMurtrey also fails to establish that he has been pursuing his rights diligently.  He waited more than a year after allegedly attempting to file the § 2255 motion before he asked family members to verify whether the motion had been filed.  After learning no motion had been filed, McMurtrey waited an additional three months before filing this 2255 Motion.

McMurtrey also attempts to show extraordinary circumstances by claiming that he did not have access to a "federal" law library while serving his state court sentence which ended October 4, 2016.  The Eighth Circuit has repeatedly held that equitable tolling is not warranted when an unrepresented prisoner claims lack of legal resources.  See Muhammad v. United States, 735 F.3d 812, 815 (8th Cir. 2013); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000).  Nor do McMurtrey's fainting spells and disorientation constitute extraordinary circumstances.  McMurtrey provides no details or documentation about the frequency or severity of his incapacity.  Moreover, McMurtrey has filed multiple documents with the Court that demonstrate

his ability to write and communicate clearly. See, e.g., Docket Nos. 31, 34, 40.

Because equitable tolling is not warranted under the circumstances, McMurtrey's 2255 Motion and Motion to Amend are denied as untimely, and the Government's Motion to Dismiss is granted.

**B. Merits**

Even if McMurtrey's § 2255 Motion had been timely, it would fail on the merits because McMurtrey was sentenced under 18 U.S.C. § 922(g)(1), not under the ACCA. The ACCA carries a mandatory minimum sentence of 15 years. See 18 U.S.C. § 924(e)(1). McMurtrey was sentenced to 90 months, which constituted a significant downward departure from the 10-year statutory maximum under 924(a)(2) and the Sentencing Guidelines range of 151–188 months.

The Court properly counted McMurtrey's felony convictions for third-degree assault and third-degree burglary when determining his Guidelines range. Both were committed when McMurtrey was an adult, and both satisfied the definition of a "crime of violence" under U.S.S.G.§ 4B1.2(a).[5]

McMurtrey argues that his third degree burglary conviction is no longer a crime of

---

[5] In the 2014 version of the Sentencing Guidelines, which were in effect when McMurtrey was sentenced, U.S.S.G. § 4B1.2(a) provides:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The clause beginning with "or otherwise" is known as the "residual clause." Beckles v. United States, 137 S. Ct. 886, 891 (2017).

violence in the wake of Johnson, 135 S. Ct. 2551, and McArthur, 850 F.3d 925. In Johnson, the Supreme Court held that the residual clause in the ACCA was unconstitutionally vague. 135 S. Ct. at 2556–57. However, the Supreme Court subsequently held in Beckles v. United States that Johnson's holding does not extend to the identically-worded residual clause of the Sentencing Guidelines, because the Guidelines are effectively advisory and merely guide district courts in exercising their sentencing discretion. 137 S. Ct. 886, 893–94 (2017).

In McArthur, the Eighth Circuit held that Minnesota's third-degree burglary statute is not a violent felony under the ACCA because its elements are broader than the generic definition of burglary. 850 F.3d at 937–40. However, the Eighth Circuit subsequently held in United States v. Benedict that Minnesota's third degree burglary statute qualifies for a crime of violence under the residual clause of the Sentencing Guidelines because "[a] person who commits third degree burglary creates a risk of violent confrontation between himself and the occupant, the police, or another third party." 855 F.3d 880, 890 (8th Cir. 2017); see also United States v. LeGrand, No. 04-38, 2017 WL 1476119, at *2 (D. Minn. Apr. 24, 2017) (holding Minnesota's third-degree burglary statute qualifies as a "crime of violence" under the residual clause of the Sentencing Guidelines). Accordingly, McMurtrey's Guidelines range was correctly calculated.

McMurtrey's claim of ineffective assistance of counsel also fails. Since the Guidelines range was properly calculated, McMurtrey's counsel was not ineffective for not objecting to the PSR and not filing an appeal.[6]

---

[6] McMurtrey's "Declaration" dated June 27, 2018 and received by the Court on July 3, 2018 does not alter the Court's analysis of his arguments. As with McMurtrey's April 29, 2018 letter, the Declaration has not been filed on CM/ECF because it contains personal medical information.

## IV. CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds it unlikely that another court would decide the issues raised in this 2255 Motion differently, or that any of the issues raised in McMurtrey's 2255 Motion would be debatable among reasonable jurists. Thus, the Court declines to grant a certificate of appealability.

## V. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Brandon Lee McMurtrey's Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 31] is **DENIED**;

2. McMurtrey's Motion to Amend Pleading [Docket No. 34] is **DENIED**; and

3. Plaintiff United States of America's Motion to Dismiss [Docket No. 41] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 11, 2018.