UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 15-115 ADM/HB

Brandon Lee McMurtrey,

        Defendant.

_____

Katharine T. Buzicky, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Douglas B. Altman, Esq., Minneapolis, MN, on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Brandon Lee McMurtrey's ("McMurtrey") Motion for Compassionate Release [Docket No. 54] pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the Motion is denied.

## II. BACKGROUND

On December 6, 2017, police officers pursued McMurtrey in a high speed chase after receiving information he had violated a protective order in a domestic abuse case. Presentence Investigation Report ("PSR") [Docket No. 22] ¶¶ 6–7, 68. During the course of the chase, McMurtrey, a felon, attempted to run over police officers and brandished a firearm towards officers. Id. ¶ 7. His arrest occurred after an armed standoff during which McMurtrey repeatedly made comments about "suicide by cop" and eventually shot himself in the head. Id. ¶ 8. Police later found three stolen handguns in McMurtrey's car. Id.

On June 19, 2015, McMurtrey entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). See Min. Entry [Docket No. 18]; Plea Agreement [Docket No. 19]. On September 29, 2015, the Court sentenced McMurtrey to a term of 90 months. See Min. Entry [Docket No. 28]; Sentencing J. [Docket No. 29] at 2. After recently being transferred from USP Tucson, he is currently in custody at the Residential Reentry Center ("RRC") in Minneapolis, Minnesota, with a projected release date of July 4, 2021. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Jan. 15, 2021).

While in prison, McMurtrey stated as recently as May 2020 that he plans to die in a standoff with police when he is released. Gov't Exs. [Docket No. 65] Ex. 2 at 13, 21.[1] He also made unwanted contact with his former girlfriend's family and friends in an effort to garner their support for visitation with his child. Gov't Exs. at Ex. 1.

McMurtrey, age 33, now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). He argues that he suffers from asthma and hypertension, and that these conditions make him particularly vulnerable to severe illness or death if he were to contract COVID-19. Mem. Supp. Mot. [Docket No. 62] at 16. McMurtrey argues that living at the RRC places him at risk of contracting COVID-19. Id. The Minneapolis RRC currently has one active case of COVID-19. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Jan. 15, 2021). Six inmates previously tested positive for COVID-19 in the past but have all recovered. Id.

The Government opposes McMurtrey's Motion, arguing that a sentence reduction is not warranted because McMurtrey's health conditions do not constitute extraordinary and

---

[1] The page number citation is to the page number in the CM-ECF banner at the top of the page.

2

compelling reasons for his release, that McMurtrey poses a danger to the community, and that the § 3553(a) sentencing factors weigh against his release.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 comment n.1(A)(ii).  "[R]ehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of th[e] policy statement."  U.S.S.G. § 1B1.13 comment n.3.  The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A).  U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

The parties agree that McMurtrey has satisfied the exhaustion requirement because he filed a request for release with the Warden of his facility and was denied. Altman Aff. [Docket No. 63] Exs. 3–4; Gov't Resp. Opp'n [Docket No. 64] at 10–11. His motion is therefore ripe for review.

When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020).

McMurtrey argues he is particularly susceptible to COVID-19 because he has asthma and hypertension. However, the guidelines issued by the Centers for Disease Control and Prevention ("CDC") state only that asthma and hypertension are conditions that "might" increase the risk for severe illness from COVID-19. See CDC, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 15, 2021). Additionally, at age 33, McMurtrey is considerably younger than the category of adults most vulnerable to COVID-19. Viewing McMurtrey's age and health conditions, the Court finds that McMurtrey has not demonstrated extraordinary and compelling reasons warranting a sentence reduction.

Even if McMurtrey could show extraordinary and compelling reasons for his release, his

motion would still be denied because the Court cannot conclude that McMurtrey "is not a danger to the safety of any other person or to the community." See U.S.S.G. § 1B1.13(2). McMurtrey's troubling statements about dying in a police standoff once released demonstrates risk to the community. His attempts to contact his former girlfriend's family and friends also raises concerns about her security once McMurtrey is released. McMurtrey's time at the Minneapolis RRC is necessary to safely transition him back into society. Accordingly, a sentence reduction is not warranted.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Brandon Lee McMurtrey's Motion for Compassionate Release [Docket No. 54]  is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  January 15, 2021